**In re PLACID OIL COMPANY, Placid Building & Service Company, and Paul A. Hope, As Trustee of the William Herbert Hunt Trust Estate, Petitioners.**

No. 86–1682
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 16, 1986.

Rehearing and Rehearing En Banc Denied Nov. 10, 1986.

Stephen F. Gordon, Edwin A. McCabe, George P. Field, McCabe & Gordon, P.C., Boston, Mass. and Ben L. Krage, Kasmir, Willingham & Krage, Dallas, Tex., for plaintiffs-appellants.

Hugh M. Ray, Alfred H. Ebert, Andrews & Kurth, Houston, Tex., Charles R. Haworth, Andrews & Kurth, Dallas, Tex., for Manufacturers Hanover Trust Co.

Daniel C. Stewart, Dallas, Tex., W. Ted Minisk, Jay J. Madrid, Winstead, McGuire, Sechrest & Minick, Houston, Tex. and Peter Kilchenmann, Lynn Goldstein, Peter Kilchenmann, Chicago, Ill., for First Nat. Bank of Chicago.

Robert M. Cohan, Lee M. Simpson, Frederick Bartlett Wulff, Cohan, Simpson, Cowlishaw, Aranza & Wulff, Dallas, Tex. and Robert L. Blank, Burton M. Freeman, New York City, for Bankers Trust Co.

Freytag, Perry, LaForce, Rubinstein & Teofan, Vernon O. Teofan, Thomas B. Anderson, Jr., Dallas, Tex., Walter L. Stratton, Mitchell A. Karlan, Gibson, Dunn & Crutcher, New York City and Thomas W. Craddock, Gibson, Dunn & Crutcher, Dallas, Tex., for Crocker Nat. Bank.

Michael M. Baylson, John Horstmann, Duane, Morris & Heckscher, Philadelphia, Pa., and Steven Gutman, New York City, and Mike Joplin, Strasburger & Price, Dallas, Tex., for European American Bank and Trust Co.

Jess Hall, Jr., D. Mitchell McFarland, James W. Paulsen, Liddell, Sapp & Zivley,

Houston, Tex. and Vera Bangs, Liddell, Sapp & Zivley, Dallas, Tex., for Texas Commerce Bank.

W. Michael Byrd, Michael Lowenberg, Richard C. Levin, Maureen Armour, Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex., for First Nat. Bank of Houston.

Charles Porter Storey, Storey, Armstrong, Steger & Martin, Dallas, Tex., and David A. Ranheim, Linda M. Freyer, Dorsey & Whitney, Minneapolis, Minn., for First Nat. Bank of St. Paul.

Timothy McCormick, Jerry P. Jones, David R. McAtee, Thompson & Knight, Dallas, Tex., for Republicbank Dallas, N.A.

W. Frank Carroll, Martha J. Hardwick, Stinson, Ag & Fizzell, Vincent S. Walkowiak, Fulbright & Jaworski, Dallas, Tex. and James P. Grove, Rex H. White, Jr., White & Grove, Austin, Tex. and James C. Slaughter, Fulbright & Jaworski, Houston, Tex., Ernest E. Figari, Jr., Thomas A. Graves, James Pulis, Johnson & Swanson, Dallas, Tex., Daniel H. Williams, Phillips, Lytle, Hitchock, Blaine & Huber, Buffalo, N.Y., Paul B. Zuydhoek, Jones, Day, Reavis & Pogue, Terence M. Murphy, Patricia J. Villareal, James E. Coleman, Fletcher L. Yarborough, Carrington, Coleman, Sloman & Blumenthal, Dallas, Tex., Michael E. Niebruegge, Mayer, Brown & Platt, Houston, Tex., and Robert F. Finke, Mayer, Brown & Platt, Chicago, Ill., and Carla R. Voelker, Richardson, Tex., Ronald E. Cook, R.T. Nassberg, Mayer Day & Caldwell, Houston, Tex., for additional defendants.

Ivan R. Irwin, Jr., Al Conant, Jr., David M. Pruessner, Shank, Irwin & Conant, George W. Bramblett, Jr., Sharon N. Freytag, Haynes & Boone, Robert W. Jordan, Erin Y. Baker, Baker & Botts, Dallas, Tex. and James G. Ulmer, J. Michael Baldwin, Baker & Botts, Houston, Tex., for First Interstate Bank of Cal. and additional defendants.

Edwin A. McCabe, Stephen F. Gordon, George P. Field, McCabe & Gordon, P.C., Boston, Mass., Ben L. Krage, Kasmir, Willingham & Krage, Dallas, Tex., for third party defendants.

John M. Landis, William E. Brown, Barry W. Ashe, New Orleans, La., for Marine Midland Bank.

Charles F. Vihon, Boston, Mass., for intervenor—Committee of Unsecured Creditors.

David B. Eizenman, Moses & Singer, New York City, for Bankers Trust and additional defendants.

Melvyn L. Cantor, John J. Kerr, Jr., Thomas C. Rice, Simpson, Thacher & Bartlett, New York City, for Mfrs. Hanover Trust Co.

Bracewell & Patterson, Kenneth R. Wynne, Houston, Tex., William Van Dercreak, Robert H. MacKinnon, Mark P. Zimmett, Shearman & Sterling, New York City, for Citibank, N.A.

James E. Babcock, Thomas H. Lee, James C. Kean, Dotson, Babcock & Scofield, Houston, Tex. and Henry L. Goodman, Andrew D. Gottfried, Zalkin, Rodin & Goodman, New York City, for Chemical Bank.

Jim K. Choate, John P. Lilly, Dewey Hicks, Douglas Kearney, Brice & Mankoff, Dallas, Tex., for Bank of America Nat. Trust & Sav. Ass'n and additional defendants.

George W. Coombe, Jr., Winslow Christian, Frank G. Ker, Los Angeles, Cal., of counsel, for Bank of America.

Before REAVLEY and POLITZ, Circuit Judges.[*]

REAVLEY, Circuit Judge:

Placid Oil Company, Placid Building and Service Company, and the William Herbert Hunt Trust Estate (whom we shall refer to collectively as Petitioners) petition this court for a writ of mandamus directing Judge Barefoot Sanders to recuse himself

---

[*] This case is being decided by a quorum, 28 U.S.C. § 46(d).

from any further proceedings in related cases in which Petitioners are plaintiffs. We deny the writ.

Petitioners filed two related suits in the District Court for the Northern District of Texas against twenty-three banks (Banks) that have made loans to Petitioners. The complaints seek damages, declaratory relief, and reformation or rescission of credit agreements based on a number of alleged wrongful acts of the Banks, including unlawful and inequitable conduct, breaches of fiduciary duty, fraud, and antitrust violations. The cases were assigned to Judge Sanders, who has in the short time since the cases were filed made several preliminary rulings.[1] Petitioners assert that Judge Sanders should be ordered to recuse himself from further proceedings because of business dealings he has had with counsel for one of the Banks and because of an alleged financial interest he has in the litigation. Judge Sanders denied Petitioners' motions in this regard and Petitioners now seek a writ of mandamus.

■ This circuit has recognized that the question of recusal is reviewable on a petition for a writ of mandamus. *See In re City of Houston*, 745 F.2d 925, 927 (5th Cir.1984). However, the writ will not lie in the absence of exceptional circumstances, *id.*, and the party seeking the writ has the burden of proving a clear and indisputable right to it. *United States v. Gregory*, 656 F.2d 1132, 1136 (5th Cir.1981). The issue of recusal requires a sensitive weighing of the circumstances in each case and is committed to the sound discretion of the district judge. *City of Houston*, 745 F.2d at 927.

■ The first ground for disqualification urged by Petitioners is Judge Sanders' business dealings with counsel for one of the Banks. Since the time Petitioners filed their briefs with this court, however, the counsel in question has withdrawn from the case. Thus, any necessity for recusal on this ground—an issue on which we make no comment—has now been removed. *Cf. S.J. Groves & Sons Co. v. International Brotherhood of Teamsters*, 581 F.2d 1241 (7th Cir.1978). Moreover, in light of the virtually nonexistent role played by the counsel in question in rulings made prior to the withdrawal,[2] we reject Petitioners' argument that an "appearance of partiality," *cf.* 28 U.S.C. § 455(a) (1982), has been established which survives counsel's withdrawal.[3]

■ Petitioners also argue that recusal is required because Judge Sanders holds a large investment in a Texas bank that may be affected by rulings in this case. Petitioners assert that any rulings adverse to the Banks will have a dramatic impact on the entire banking industry and thus on Judge Sanders' investment as well. Petitioners argue that this gives Judge Sanders a financial interest in the litigation. *See* 28 U.S.C. § 455(b)(4) (1982). We find no basis here for requiring recusal. We are unwilling to adopt a rule requiring recusal in every case in which a judge owns stock of a company in the same industry as one of the parties to the case, and Petitioners, by showing only an indirect and specu-

1. These rulings are discussed in an opinion dealing with an earlier appeal in this case. *See Hunt v. Bankers Trust Co.*, 799 F.2d 1060 (5th Cir.1986).

2. In an uncontroverted affidavit, the counsel in question states that he and his firm acted as local counsel for one of the out-of-state defendants. He was one of approximately one hundred lawyers acting for the Banks and he attended, as an observer, only one hearing before Judge Sanders. The bank he represented held only one-half of one percent of the total indebtedness owed to the Banks.

3. Judge Sanders' business dealings with the counsel in question arise out of his position on the board of directors of a small corporation, a position also held by the counsel. Petitioners appear to argue, in addition to their contention that the business dealings require recusal, that Judge Sanders' position as director of the corporation, standing alone, requires recusal because it is in apparent violation of the Code of Judicial Conduct. It is undisputed, however, that the corporation is not a party and holds no interest whatsoever in this litigation. Thus, Judge Sanders' directorship, standing alone, does not raise any appearance of partiality or constitute a financial interest and is not grounds for recusal.

lative interest, have failed to sufficiently distinguish this case from that situation. A remote, contingent, and speculative interest is not a financial interest within the meaning of the recusal statute, *cf. City of Houston,* 745 F.2d at 931, nor does it create a situation in which a judge's impartiality might reasonably be questioned.

The writ of mandamus is DENIED.