GAS UTILITIES COMPANY OF
ALABAMA, INC., Plaintiff–
Appellant,

Gas Utilities of Alabama, Inc., Plaintiff,

v.

SOUTHERN NATURAL GAS COMPANY,
Alabama Gas Corporation,
Defendants–Appellees.

No. 92–6790.

United States Court of Appeals,
Eleventh Circuit.

July 27, 1993.

Fritz Barnett, Julius Glickman, John R. Craddock, Glickman & Barnett, Houston, TX, for plaintiff-appellant.

George G. Lynn, Thomas W. Thagard, III, Maynard Cooper Frierson & Gayle, Birmingham, AL, John A. Donovan, Carl Alan Roth, Marc N. Henschke, Darrel J. Hieber, Skadden Arps Slate Meacher & Flom, Los Angeles, CA, Joseph B. Mays, Jr., Philip J. Carroll, III, Bradley Arant Rose & White, Birmingham, AL, for defendants-appellees.

Before HATCHETT, Circuit Judge, RONEY, Senior Circuit Judge, and ATKINS *, Senior District Judge.

PER CURIAM:

Gas Utilities of Alabama, a natural gas distributor, brought this antitrust action against Southern Natural Gas Corporation ("Southern"), which operates an interstate natural gas pipeline, and Alabama Gas Company ("Alagasco"), a local distribution company that purchases from Southern and distributes gas to customers in Alabama. Southern provides gas to end users both directly and through local distributors. Alagasco is Southern's only distribution company in the area.

Interested in providing gas in the market to which Southern and Alagasco provide gas,

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

Gas Utilities requested a tap. Southern denied the request. Gas Utilities brought this action alleging violations of §§ 1 and 2 of the Sherman Act, and a state claim of tortious interference with business relationships. The district court granted Southern and Alagasco summary judgment. Gas Utilities appealed. We affirm.

■ The comprehensive opinion of the district court, which answers almost every question that is repeated on this appeal, makes it unnecessary to set forth in detail the reasons why summary judgment for defendants was properly entered in this case. *Gas Utilities Co. of Ala., Inc. v. Southern Natural Gas Co.*, 825 F.Supp. 1551 (N.D.Ala.1992).

Gas Utilities argued that material issues of fact exist as to: (1) existence of a contract in restraint of trade between Alagasco and Southern; (2) price control and exclusion of competition by Alagasco and Southern; (3) Gas Utilities' status as an actual and potential competitor; (4) tortious interference by Alagasco and Southern; and (5) Gas Utilities' preparedness to enter the market.

The most significant issue turns on whether Gas Utilities came forth with enough evidence to show it was prepared to enter the market. The law clearly requires a showing of an intention and preparedness to enter the business to give a plaintiff a cause of action for being foreclosed from the market. *Cable Holdings of Ga., Inc. v. Home Video, Inc.*, 825 F.2d 1559, 1562 (11th Cir.1987). Gas Utilities failed to demonstrate that it was prepared to enter the market. Viewing the summary judgment evidence most strongly in favor of the plaintiff, *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), it did not establish that Gas Utilities had *secured* financing or *consummated* its contracts. "The mere possibility of financing being available in the abstract is not enough. Showing that someone somehow could possibly obtain financing is not the same as showing that plaintiffs themselves were able and prepared to." *Hayes v. Solomon*, 597 F.2d 958, 975 (5th Cir.1979). Likewise, showing that someone may be interested in entering into a contract if the price is right is not the same as having an enforceable contract. Gas Utilities' other activities were merely preliminary steps taken in anticipation of preparing to enter the market such as communication with the licensing authority, investigation of costs and feasibility, and inquiry regarding FERC regulation and eminent domain rights. Inquiry into procedures is insufficient to establish preparedness. The party must take some affirmative step to enter the business. *Hayes*, 597 F.2d at 973.

■ The only other issue which deserves some comment here is whether the trial judge should have recused himself from this case. The trial judge's wife and father-in-law have proprietary interests in land leased to oil and gas interests but not to companies involved in the present action. The question is whether the alleged potential industry-wide impact of this case might so affect their interests as to require recusal. The Fifth Circuit rejected this theory in *In re Placid Oil Co.*, 802 F.2d 783 (5th Cir.1986). In that case, petitioners brought suit against twenty-three banks that made loans to petitioners. Petitioners argued that a ruling adverse to the banks would have an industry-wide impact and that the judge should have recused himself because he held an investment in an investment bank. The *Placid* court stated that it was "unwilling to adopt a rule requiring recusal in every case in which a judge owns stock of a company in the same industry as one of the parties to the case." *Placid*, 802 F.2d at 786. The court felt that because petitioners showed "only an indirect and speculative interest," recusal was not justified. The court concluded that "[a] remote, contingent, and speculative interest is not a financial interest within the meaning of the recusal statute ... nor does it create a situation in which a judge's impartiality might reasonably be questioned." We agree with the reasoning of that case. The plaintiffs have not alleged how the outcome of this case could even speculatively affect the interests of the judge's relatives. The district judge was not shown to be disqualified from hearing this case.

We have closely examined all other arguments that raise as error every issue that the

district court decided and find the arguments to be without merit for the reasons set forth in that opinion.

AFFIRMED.