Robert HENDERSON, Plaintiff,

v.

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Etc., et al., Defendants,

Houston T. Penn, Movant–Appellant.

No. 90–4118
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 29, 1990.

Houston T. Penn, Asst. Atty. Gen., William J. Guste, Jr., Atty. Gen., Baton Rouge, La., for movant-appellant.

W. Orie Hunter, III, Shreveport, La., for appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Houston T. Penn is before this court for the second time, complaining that the district court's imposition of sanctions against him without notice and an opportunity to be heard violates due process rights guaranteed to him by the fourteenth amendment, and that the district court abused its discretion in finding him in violation of Rule 11 and in imposing the sanctions. For the reasons discussed below, we affirm.

I

Penn, who is an Assistant Attorney General employed by the Louisiana Department of Justice, represented the defendants, the Louisiana Department of Public Safety and Corrections, C. Paul Phelps (former Secretary of the Department), and D.R. Guillory (former Warden of Wade Correctional Center) in a lawsuit filed by Assistant Warden Robert Henderson, an employee of the Louisiana Department of Public Safety and Corrections. After a trial on the merits, the district court en-

tered judgment for the defendants, Mr. Penn's clients, and no appeal was taken. The judgment on the merits is final and the merits are not relevant to the issue presently before this court.

What is relevant is what occurred before the trial of the case. On October 27, 1988, approximately one month prior to the scheduled trial, Penn filed a motion for change of venue and a motion in limine or, alternatively, motion for summary judgment asserting several grounds for relief. Shortly thereafter, the district court received a letter from plaintiff's counsel advising that he had had difficulty in contacting Penn to prepare the pretrial order. On October 28, 1988, the district court warned counsel that:

> This court expects all parties to work amicably toward the completion of an appropriate pretrial order which will assist the ultimate resolution of the case. The failure of any party to proceed in good faith or obey this court's standing instructions will result in sanctions under Fed.R.Civ.P. 16(f).

On November 1, 1988, Penn filed a motion for a continuance, contending that counsel for the plaintiff had failed to provide defense counsel with a copy of his witness and exhibit lists in a timely manner. The lists were ultimately received by Penn prior to the deadline for filing the pretrial order. On November 2, 1988, the magistrate denied the motion for continuance and noted several deficiencies in Penn's proposed insert to the pretrial order. In conclusion, the magistrate stated: "Counsel are warned that any dilatory tactics will result in sanctions."

On November 2, 1988, Penn filed a "Motion to Recusal [*sic*] of the Trial Judge." According to the memorandum in support of the motion, the defendants sought recusal pursuant to 28 U.S.C. § 455. The motion asserted two reasons for recusal: (1) "opposing counsel related that the judge

presiding over this case (Judge Stagg) has known the opposing counsel since he was a kid and that the judge presiding over this case was friends [*sic*] of opposing counsel and opposing counsel's father"; and that (2) the judge had already ruled adversely upon the credibility of one of the defendants in a prior matter.[1]

On November 8, 1988, the district court denied the motion for recusal and the motion for change of venue. After addressing those motions, the court stated:

> The motion for recusal and for change of venue have not been well founded, either in fact or law. Apparently, counsel for defendants has used these motions, as well as the motion for a continuance, for dilatory purposes. Counsel for defendants is warned that this court will scrutinize future motions for compliance with Fed.R.Civ.P. 11.

Penn was undeterred. On November 17, 1988, Penn filed a motion for reconsideration of the district court's order denying the motion for recusal, which added nothing new to his previous motion. Attached to the motion was an affidavit by Penn attesting that the contents of the motion to recuse and the motion for reconsideration were true and accurate to the best of his knowledge and belief. The district court construed the motion for reconsideration as a new motion for disqualification under 28 U.S.C. § 144. The court noted that, under § 144, actual bias must be sufficiently alleged. After observing that Penn had failed to conduct a reasonable inquiry into the law, and that Penn either had not read the relevant cases or, having read them, had chosen to ignore their authority, the court ruled that the affidavit filed by Penn was legally insufficient under § 144. Finally, the court stated:

> Concurrently with the filing of this Memorandum Ruling, the court is placing under seal another ruling which imposes sanctions upon Mr. Penn pursuant

---

1. The plaintiff's attorney, in response to the motion for recusal, contested the factual allegations of the motion, stating that, although his late father had been a friend of the judge, that friendship had never proven beneficial to him. The plaintiff's attorney further stated that the district judge had rejected a suit he had filed on behalf of his mother seeking life insurance proceeds as a result of his father's death. In its ruling denying the motion for recusal, the court confirmed that the plaintiff's attorney's version of the facts was correct.

to Fed.R.Civ.P. 11. The court will release the sealed ruling when the trial is complete. The ruling is placed under seal so as not to detract from defense counsel's effort to prepare for trial.

Following the completion of the trial, the court's memorandum ruling finding a violation of Rule 11 and imposing sanctions on Penn was unsealed. Referring specifically to the motion for change of venue, motion for summary judgment, motion for continuance, motion for recusal, and motion for reconsideration filed by Penn, and noting that its three warnings had been ignored by Penn, the court found that those filings had been made by Penn "for the dual purpose of trying to delay the proceedings and harass the opposing party. In addition, most of the recent filings have not been submitted after a reasonable inquiry into the factual basis and law."

With respect to the motion for reconsideration, the court stated:

[T]he court is convinced that these motions, as well as the presently pending motion for reconsideration, were designed solely for dilatory purposes. The current motion asserting an argument under 28 U.S.C. § 144 fails to cite a single authority in support of the relief requested. Even the most minimal inquiry into the law governing motions under §§ 144 and 455 would have revealed that the asserted bias or impartiality must result from an extrajudicial source. Moreover, even a reading of the clear language of § 144 demonstrates that it applies to "parties" instead of counsel.... Mr. Penn's allegations as to the basis for the alleged impartiality were not made on personal knowledge, but rather hearsay. Mr. Penn conducted no further inquiry into the factual basis. Had such an inquiry been conducted, Mr. Penn would have discovered the lack of factual merit.

The true reason for the filing of these motions became apparent at the pretrial conference. It was at that time that Mr. Penn's state of unpreparedness for trial became evident. This court is left with no other conclusion but that the recent filings of Mr. Penn, including the current motion for reconsideration, were designed solely to delay the November 28 trial date.

The court concluded that Penn had violated all three of the affirmative duties placed upon him by Rule 11, and imposed sanctions of $250 upon Penn, individually. The court further ordered Penn to read and brief the facts and law of the cases cited in its rulings on Penn's time during nights and holidays or days off and to deliver a "letter-perfect brief" to the judge's chambers by February 3, 1989.

Penn appealed to this court, assigning two bases of error: (1) lack of notice and an opportunity to be heard before sanctions were imposed resulting in violation of the due process rights guaranteed to him by the Fourteenth Amendment to the United States Constitution; and (2) an abuse of discretion by the district court in finding him in violation of Rule 11 and in imposing the sanctions. Because Penn did not argue to the district court either of the issues presented for review, this court remanded the case to the district court so that the district court could consider the issues. *Henderson v. Louisiana,* No. 88–4959, slip op. (5th Cir.1989).

On remand, Penn filed a motion to reconsider sanctions and a supporting memorandum. In the motion to reconsider, Penn asked for "a contradictory hearing" and requested that the sanctions be set aside. In his memorandum, Penn stated that the issue before the court was "the matter of the appropriateness of the imposition of sanctions on one of the counsel for the defendants for him [*sic*] having filed a Motion to Recuse the Trial Judge."

On November 21, 1989, the district court notified Penn that the motion to reconsider sanctions had been assigned to the court's next regular motion date, February 14, 1990. The notice further stated that "the court's regular practice is to rule on the basis of the written briefs only." Penn made no response to the court's notice. He *did not request a hearing or oral argument,* and he did not object to the court's stated intention to rule on the basis of the briefs.

On January 22, 1990, the district court entered a memorandum ruling denying Penn's request to vacate the order imposing sanctions. For the reasons stated in its prior ruling, the court found that Penn's contention that the motion for recusal was not frivolous was without merit. The court also noted that Penn had failed to address the court's finding that he filed the motions at issue for the purpose of delaying the trial. The court concluded:

> In this case, the record speaks for itself. Mr. Penn tried every avenue possible to delay resolution of this matter. The poorly-written briefs were submitted without making a reasonable investigation into the facts and law. This court had no discretion to ignore such activities. Rule 11 sanctions were required.... The sanctions imposed were carefully tailored to Mr. Penn's situation....
>
> In sum, this court's decision to impose sanctions was not made lightly. Rather, sanctions were imposed only after reviewing repeated filings by Mr. Penn in violation of Rule 11.

Penn again appeals the district court's ruling.

## II

### A

■ The due process clause is not mentioned in either the motion to reconsider or in the memorandum filed by Penn in the district court after remand from this court, but Penn did make the following statements in the memorandum:

> This Motion was also denied by this (District) Court without a hearing and in the same ruling this Court without prior specific notice of the charges and without giving Assistant Attorney General Penn an opportunity to respond or to defend himself found that Assistant Attorney General Penn violated Rule 11 ... and imposed sanctions against him *personally*....
>
> The Rule 11 action was brought through the District Court's own initiative and Assistant Attorney General

Penn was not given notice of the specific charges and was not afforded any opportunity to respond or defend himself prior to the finding of a Rule 11 violation and imposition of sanctions.

The statements quoted above are inadequate and inept attempts to raise properly a due process argument. Although it is true that this court ordinarily will not consider issues not properly before the trial court, we will do so in this case for two reasons: (1) the issue can be resolved as a matter of law; and (2) a refusal to consider the issue would not advance the interests of justice or judicial economy.

Rule 11 provides that, "[i]f a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or *upon its own initiative*, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction...." (emphasis added). Penn contends that, "[a]s a minimal [*sic*], due process requirements [*sic*] the procedure used to find a Rule 11 violation and to impose sanctions should include at least adequate and timely notice of the specific charges and opportunity to address the charges in writing or orally before a relatively neutral arbitrator, who would thereafter render written reasons for the judgment." Penn complains that the district judge cannot be considered a "neutral arbitrator," and that he had no opportunity to present evidence on any factual issues. According to Penn, "fundamental fairness" requires that, when a trial judge invokes Rule 11 sanctions on its own initiative, the trial judge must inform the attorney "in writing of the particular conduct which the Trial Judge suspects to be in violation of Rule 11."

In *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197 (5th Cir.1989), this court discussed due process requirements in the context of Rule 11 sanctions:

> Due process requires notice and an opportunity to be heard before any governmental deprivation of a property interest. "Due process requires that the attorney ... has fair notice of the possible imposition of Rule 11 sanctions and of the reasons for their imposition." "Notice

may be in the form of a personal conversation, an informal telephone call, a letter, or a timely Rule 11 motion." Notice may also come from the court.

As for the quantum of notice required, the Eleventh Circuit has stated,

> If an attorney is said to have submitted a complaint without any basis in fact, Rule 11 alone should constitute sufficient notice of the attorney's responsibilities since the rule explicitly requires the attorney to certify that a complaint is well grounded in fact. On the other hand, questions of whether an attorney made a good faith argument under the law or whether an attorney interposed a pleading, motion, or other paper for an improper purpose are more ambiguous and may require more specific notice of the reasons for contemplating sanctions....
>
> ... "The accused must be given an opportunity to respond, orally or in writing as may be appropriate, to the invocation of Rule 11 and to justify his or her actions."

876 F.2d at 1201–02 (citations omitted) (quoting *Donaldson v. Clark*, 819 F.2d 1551, 1559–60 (11th Cir.1987)). In making the determination of what process is due in a Rule 11 case, "the timing and content of the notice and the nature of the hearing will depend upon an evaluation of all the circumstances and an appropriate accommodation of the competing interests involved." *Donaldson*, 819 F.2d at 1558.

 In addition to the imputed notice Rule 11 itself imparts, the district court and the magistrate warned Penn three times that sanctions would be imposed if his dilatory tactics continued. Furthermore, when the court denied Penn's first motion for recusal, it informed him that it considered his arguments to be without basis in fact or law. Penn was specifically given notice in the November 8, 1988 order that future motions may result in Rule 11 sanctions; yet Penn persisted in flogging the same mule. We therefore conclude that Penn had ample notice of the possible imposition of Rule 11 sanctions and of the reasons for their imposition.

 The district court's memorandum ruling of November 22, 1988, which imposed the sanctions at issue, thoroughly sets forth its reasons for the sanctions. Penn has had an ample opportunity to respond and to attempt to justify his actions. Following remand from this court, he once again filed his motion for reconsideration of sanctions. Penn was advised by the court that it would decide the matter based upon the briefs. Penn did not object, did not request a hearing, and did not request leave to supplement the brief that he had already filed. "Rule 11 does not require that a hearing separate from trial or other pretrial hearings be held on Rule 11 charges before sanctions can be imposed...." *Donaldson*, 819 F.2d at 1560 & n. 12. An evidentiary hearing was unnecessary here. There are no issues of fact, only conclusions to be drawn from undisputed facts. The district judge's participation in the proceedings and the record itself provided the judge with sufficient knowledge of the relevant facts with respect to Penn's dilatory tactics. Penn acknowledged as much, in his motion for reconsideration of sanctions filed in the district court, and in his brief filed in this court:

> [A] careful review of the case record in this matter reveals that there was no actual (or attempted) delay in the adjudication [*sic*] of this case that can be contributed [*sic*] directly to defendants' counsel. The record reflects both a clear and concise factual basic [*sic*] for counsel's various motions and requests as well as the legal (procedural and substantive) basis which support defendants' concerns and contentions.

It is apparent from the record itself that Penn's motion for recusal and the motion for reconsideration of the denial of that motion have no basis in law and that Penn failed to conduct even the minimum amount of research that would have been necessary for him to be aware of that fact.

 Penn's arguments regarding the lack of an impartial decisionmaker have no merit as a matter of law, given the lack of any factual basis to support his argument.

Penn contends, without any further elaboration, that, "[g]iven the background giving raise [*sic*] to this appeal, appellant submits that the District Court Judge cannot be considered a neutral arbitrator." Apparently Penn's due process argument rests upon the same factual allegations that formed the basis for his misguided motion for recusal. As a matter of law, those unsupported allegations are insufficient to support his due process claim.

We therefore conclude that the procedures used by the district court for finding that Penn violated Rule 11 and for imposition of sanctions do not offend due process.

### B

Penn argues, in the alternative, that the district court abused its discretion in finding a Rule 11 violation and imposing sanctions. Penn's argument is primarily confined to the appropriateness of sanctions for his having filed a motion for recusal; he also briefly contends that the record reveals that he made no attempt to delay the adjudication of this case and that he had a "clear and concise" factual and legal basis for the motions.

> Rule 11 imposes three duties on counsel: (1) counsel must make a reasonable inquiry into the factual basis of any pleading, motion, or other paper; (2) counsel must make a reasonable inquiry into the law; and (3) counsel must not sign a pleading, motion, or other paper intended to delay proceedings, harass another party, or increase the cost of litigation.

*St. Amant v. Bernard*, 859 F.2d 379, 382 (5th Cir.1988); *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 874 (5th Cir.1988) (en banc). The district court found that Penn had violated all three of those duties.

### (1)

■ With respect to the district court's holding that Penn filed the motions at issue for the purpose of delaying the proceedings, we hold that the district court did not abuse its discretion. The district judge, through his participation in the proceedings and his dealings with Penn during the course of the litigation, had full occasion to assess and evaluate Penn's conduct; he was therefore in the best position to determine whether such conduct was undertaken for purposes of harassment or delay. Furthermore, our review of the record and the district court's thorough, well-reasoned rulings, as well as Penn's brief filed in this court, convinces us that the district court acted well within its discretion in finding that Penn's conduct constituted purposeful delay in violation of Rule 11.

### (2)

■ Penn's motion for recusal was filed pursuant to 28 U.S.C. § 455 and, as we have already noted, alleged that recusal was required because (1) "opposing counsel related that the judge presiding over this case (Judge Stagg) has known the opposing counsel since he was a kid and that the judge presiding over this case was friends [*sic*] of opposing counsel and opposing counsel's father"; and (2) the judge had already ruled adversely upon the credibility of one of the defendants in a prior matter.

A judge shall disqualify himself under § 455(a) "in any proceeding in which his impartiality might reasonably be questioned." A judge shall also disqualify himself under certain circumstances enumerated under § 455(b), including "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988), the Supreme Court stated:

> "The goal of section 455(a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible.... Under section 455(a), therefore, recusal is required even when a judge

lacks actual knowledge of the facts indicating his interest or bias in the case if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge."

108 S.Ct. at 2202 (quoting *Health Serv. Acquisition Corp. v. Liljeberg,* 796 F.2d 796, 802 (5th Cir.1986)).

As the district court correctly observed, none of the circumstances requiring disqualification under § 455 are present here, and even the most superficial research would have put Penn on notice that the factual circumstances he alleged were not grounds for recusal. An investigation of the facts would have undermined the tenuous conclusion of bias that even Penn would draw from the hearsay statements upon which he based his motion. Thus, under the facts involved here, which we have already recited in an earlier portion of this opinion, the trial judge's impartiality could not be reasonably questioned by an impartial observer, and there is absolutely no case authority cited by Penn to the contrary. The trial judge was well within his discretion in finding that the motion for recusal was not well founded, either in fact or in law.

### (3)

█ Penn's motion for reconsideration of the district court's order denying the motion for recusal was construed by the trial court as a new motion seeking disqualification under 28 U.S.C. § 144, which states:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists .... A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 144 relates only to charges of actual bias. *In re Faulkner,* 856 F.2d 716, 720 n. 6 (5th Cir.1988). "Once the motion is filed under § 144, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter alleged." *Davis v. Board of School Commissioners of Mobile County,* 517 F.2d 1044, 1051 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature. *Parrish v. Board of Commissioners of Alabama State Bar,* 524 F.2d 98, 100 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).

█ Bias for or against an attorney, who is not a party, is not enough to require disqualification unless it can also be shown that such a controversy would demonstrate a bias for or against the party itself. *Davis,* 517 F.2d at 1050–51. In order for bias against an attorney to require disqualification of the trial judge, it must be of a continuing and personal nature and not simply bias against the attorney or in favor of another attorney because of his conduct. *Id.* at 1051.

█ The only affidavit submitted with the motion for recusal was one in which Penn attested that the contents of the motion to recuse and the motion for reconsideration were true and accurate to the best of his knowledge and belief. The district court correctly determined that Penn's affidavit was legally insufficient because, among other reasons, it was not based on personal knowledge. Because the affidavit was legally insufficient under § 144, there was no need for referral of the matter to another judge.

█ We conclude that the district court did not abuse its discretion in finding that Penn had violated Rule 11 by filing motions lacking a sound factual or legal basis for the purpose of delay. Although

Penn has not challenged the type or amount of the sanctions imposed, we note that, in our view, the sanctions imposed by the district court were reasonable, appropriate, and properly tailored to the violation of Rule 11.[2]

### III

For the foregoing reasons, the district court's order denying Penn's request to vacate its order imposing Rule 11 sanctions is

AFFIRMED.

**2.** Rule 38 of the Federal Rules of Appellate Procedure permits an award of "just damages and single or double costs to the appellee" if this court determines that an appeal is frivolous. Although we find this appeal to be frivolous, no costs are awarded in this case because there is no appellee.