Jerry C. McCLELLAND, Plaintiff

v.

Robert C. GRONWALDT, Individually and as Agent for Mobil Oil Corp., and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Defendant.

No. 1:95–CV–0931.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 1, 1996.

Glen W. Morgan, Reaud Morgan & Quinn,
Beaumont, TX, for Plaintiff.

Gerald Wayne Reidmueller, Lipscomb Norvell, Jr., Benckenstein, Norvell & Nathan, Beaumont, TX, Alison H. Moore, Harrison Henry Yoss, Robert Wellenberger, Alison Holladay Moore, Thompson Coe Cousins & Irone, Dallas, TX, Michael Thomas Powell, Amy Dunn Taylor, Timothy T. McInturf, Haynes & Boone, Houston, TX, for Defendant.

## MEMORANDUM OPINION

COBB, District Judge.

On December 6, 1995, Jerry C. McClelland, individually and as representative of a class of Plaintiffs, filed a Motion to Recuse Judge Howell Cobb from consideration of the above numbered matter. The Plaintiffs allege in their motion: (1) actual bias and prejudice justifying recusal under 28 U.S.C. § 144; (2) an appearance of impropriety justifying recusal under 28 U.S.C. § 455(a); and (3) circumstances mandating recusal under 28 U.S.C. § 455(b)(1), (2), and (4). This court finds that the Plaintiff's affidavit is legally insufficient to require or warrant recusal.

## BACKGROUND

In December 1992, the Plaintiff, Jerry McClelland, filed suit in the 58th Judicial District, State District Court of Texas. Plaintiff alleged a breach of the duty of good faith and fair dealing, violation of Article 21.21 of the Texas Insurance Code, negligent handling claims, and intentional infliction of emotional distress arising from the improper handling of Workers' Compensation claims and conspiracy. The Plaintiff sought certification of a class of similarly situated plaintiffs and certification was finalized by the state court on October 10, 1995. This court found federal jurisdiction to be proper on November 16, 1995, when the Plaintiffs' Motion to Remand was denied. Now pending before the Court are the Plaintiffs' Motion to Expand the Class Action Horizontally, the Plaintiffs' Motion to Amend the Court's Order to Allow Interlocutory Appeal, and this Motion to Recuse this judge.

The Plaintiffs allege that expansion of the class could possibly expose the writer to certain legal liabilities stemming from his tenure as a partner at Orgain, Bell, and Tucker (OB & T). The Plaintiffs' Motion to Expand the Class seeks to allow the class to include individuals who had their Workers' Compensation claims adjusted between January 1, 1982 and December 31, 1995. The original class dates are from 1988 through 1993. The writer was appointed to the bench in 1985 after many years as a partner at OB & T. The Plaintiffs present the court with the affidavit of M.K. Molloy, a Mobil employee who claims that OB & T represented Mobil Oil with respect to workers' compensation claims between 1982 and 1985 (Molloy Affidavit). This affidavit was secured by the Plaintiffs' attorneys in connection with a different matter pending in state court at this time.

## ANALYSIS

### Preliminary Matters

■ Motions for disqualification under both §§ 144 and 455 are committed to the sound discretion of the trial court. *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.,* 690 F.2d 1157, 1166 (5th Cir.1982), *cert. denied,* 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). The only inquiry on appeal is whether the trial court abused its discretion. *Id.* In addition, motions for disqualification must be timely. 28 U.S.C. § 144; *United States v. York,* 888 F.2d 1050, 1055 (5th Cir.1989). A party seeking to disqualify the trial judge must do so at the earliest moment after acquiring knowledge of the facts demonstrating the basis for such disqualification. *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.,* 38 F.3d 1404, 1410 (5th Cir.1994).

■ The Defendants have argued that the attorneys for the Plaintiffs had actual knowledge of OB & T's relationship with the Plaintiffs as long as ten years ago. While this may be true, the Plaintiffs filed their motion at the earliest possible moment. Until the Plaintiffs' Motion to Remand was denied, there was no way of knowing whether or not I would be the judge assigned the case. The Plaintiffs filed their motion to recuse soon after the motion to remand was denied and therefore the motion to recuse is timely.

## Disqualification Under Section 144

Section 144 provides in relevant part:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144 (West 1993).

■■■ Once a motion to disqualify is filed under § 144, the judge must pass on the sufficiency of the affidavit, but may not pass on the truth of the matter alleged. *Henderson v. Dept. of Public Safety and Corrections,* 901 F.2d 1288, 1296 (5th Cir. 1990). The sufficiency of the affidavit is determined as a matter of law. *Parrish v. Bd. of Commissioners of Alabama State Bar,* 524 F.2d 98, 100 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). If the affidavit is insufficient, the motion to disqualify should be denied. *Henderson,* 901 F.2d at 1296.

■■■ A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, and not judicial, in nature. *Henderson,* 901 F.2d at 1296. A judge should not accept conclusory allegations in determining whether the standard for recusal has been met and affidavits based on mere conclusions, opinions, or rumors are legally insufficient to require recusal. *U.S. v. Balistrieri,* 779 F.2d 1191, 1199 (7th Cir. 1985), *cert. denied,* 475 U.S. 1095, 106 S.Ct. 1490, 89 L.Ed.2d 892 (1986). The factual averments contained in the affidavit must be stated with particularity. The Court of Appeals for the Fifth Circuit has held that an affidavit is legally insufficient to meet the requirements of § 144 if it is based on "information and belief" rather than personal knowledge. *Henderson,* 901 F.2d at 1296. While the affidavit at issue in *Henderson* can be distinguished from the one in the case at bar, the principle remains that for an affidavit to be legally sufficient in the § 144 context, it must be specific in its allegations.

■■■ With respect to the particularity test, McClelland's affidavit indicates that he is making a charge of bias based on "information and belief." The Plaintiffs' affidavit illuminates some facts in the case with amazing particularity. However, the only evidence presented by the Plaintiff which might indicate bias is the affidavit of M.K. Molloy[1], which was secured by the Plaintiff's attorneys in preparation for an entirely different matter pending in state court.[2] There is

---

1. The Molloy affidavit states at page 3:

 Additionally, various other lawyers or representatives of lawyers from the following law firms were employed as outside counsel for the rendition of legal services to CAPSCO, MASCI, or Mobil Oil Corporation, U.S. Marketing and Refining Division with respect to workers' compensation claims filed by employees of Mobil Corporation and/or its subsidiaries from 1982 to the present:

 ... Orgain, Bell and Tucker ...

2. The relevant portions of the Plaintiffs' affidavit are as follows:

 I am informed and believe and based on such information and belief, allege that the Honorable Howell Cobb, the judge before whom this cause is pending, has a personal bias or prejudice against me and in favor of Mobil Oil Corporation, its putative insurance carriers and the law firm of Orgain, Bell, and Tucker....

 ... Attorneys at Orgain, Bell, & Tucker will have to be deposed about their work on these cases and their level of knowledge of, and any involvement in ongoing fraud....

 ... I feel very uncomfortable in having a judge rule on my case who was a partner in the law firm of Orgain, Bell, & Tucker in 1982 through 1984, and shared it profits from attorney fees earned in workers' compensation claims representing Mobil Oil Corporation and its wholly owned subsidiaries during the years of the conspiracy. Howell Cobb through his law firm in 1982 through 1984 had an adversary relationship to members of the proposed expanded class from 1982 through 1984 regarding workers' compensation claims referred to in Exhibit A. The Honorable Howell Cobb is now being asked to pass judgment on those very same people for claims arising out of the same subject matter (workers' compensation claims) that Howell Cobb's former law firm handled from 1982 through 1984.

 For this Court to rule on any discovery disputes, or the viability of any causes of action, would involve the Court's deciding issues that

nothing in the Plaintiff's affidavit which even remotely ties together the representations made in the Molloy affidavit with the case at bar. Certainly, OB & T may have represented Mobil or its subsidiaries in some workers' compensation matters. However, there is no indication that the cases referenced by the Molloy affidavit are related to the case at bar. There has been no evidence presented that the cases handled by OB & T between 1982 and 1985 are within the ambit of the present or expanded class action. It could be that OB & T represented only a subsidiary of Mobil, the employees of which are not and will not be class members. This Court refuses to make the unfounded leap in logic which is crucial to the Plaintiffs' motion.

Further, McClelland's affidavit fails the reasonable person test. The Fifth Circuit has consistently held that a reasonable person would not be convinced that bias exists based upon pure speculation. *E.g., Chitimacha Tribe of Louisiana,* 690 F.2d at 1167 (reasonable person would consider suggestion of partiality mere speculation not justifying disqualification where plaintiff merely makes nonspecific, conclusory allegations that judge may bear personal liability for matters in pending action based upon malpractice committed during judge's tenure as partner in his former law firm). The Plaintiffs allege no facts upon which a reasonable person could conclude that I am biased or even tempted to be biased. For instance, there is no allegation that I actually participated in or know anything about OB & T's representations of a party to the present action during the time period between 1982 and 1985. There is no factual allegation upon which a reasonable person could conclude that OB & T actually participated in a conspiracy or other malfeasance, if any, and that I was, in fact, likely to be subject to personal liability for that malfeasance, if any. There is simply not enough evidence presented to meet the reasonable person standard.

It is telling that the allegations of conspiracy in this motion go far beyond any allega-

tions previously made in this litigation's two year history. In no pleading until this present motion to disqualify have the Plaintiffs ever alleged that law firms participating in litigation of the underlying workers' compensation claims participated in an alleged grand conspiracy to defraud Mobil employees.

Finally, the Plaintiffs have failed to make out a case that I am personally biased in this matter. McClelland has made only vague and conclusory allegations—as distinguished from the facts required by § 144—about OB & T's prior representations and how I am biased based on my status as partner in OB & T between 1982 and 1985. The Plaintiffs merely allege that I may be subject to liability for a conspiracy. Such speculative, conclusory allegations without specific facts cannot justify disqualification. *Parrish v. Board of Comm'rs of the Alabama State Bar,* 524 F.2d at 101. Under established Fifth Circuit precedent, allegations such as those contained in McClelland's affidavit are insufficiently particular to support disqualification. *See also, Chitimacha Tribe of Louisiana,* 690 F.2d at 1167 (allegations that the judge himself had rendered title opinions six years before that might expose him, or his former law firm in which he still had financial interest, to professional liability depending on outcome of litigation were insufficiently particular to require disqualification).

This Court finds that the Plaintiffs' affidavit is mere speculation and insufficiently particular to meet the requirements of § 144. Furthermore, there is not sufficient information which would lead a reasonable person to conclude that this Court is biased against the Plaintiffs, nor is there any evidence which speaks to a personal, non-judicial bias.

### Disqualification Under 28 U.S.C. § 455

In their motion to disqualify this Court, plaintiffs assert that disqualification is proper under 28 U.S.C. § 455(a) and (b)(1), (2), and (4).

---

bear upon the involvement and exposure to liability of Orgain, Bell, & Tucker and Howell Cobb. The appearance of impropriety is clear.

Likewise, attorneys and other employees of Orgain, Bell, & Tucker, including Judge Howell

Cobb, may be fact witnesses on the history, customs, and practices of the long-term relationship between Orgain, Bell, & Tucker, Mobil Oil Corporation, and the National Union Fire Insurance Company of Pittsburgh, Pennsylvania. . . .

### 28 U.S.C. § 455(a)—Appearance of Impropriety

 Under § 455(a), a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). But the commentary to this section cautions that judges must be alert to avoid the consequences of an expected adverse decision. *United States v. Lovaglia,* 954 F.2d 811, 814 (2d Cir.1992). A judge is as much obligated not to recuse himself when it is not called for as he is obligated to when it is. *Maez v. Mountain States Telephone & Telegraph, Inc.,* 54 F.3d 1488, 1508 (10th Cir.1995); *In re American Ready Mix, Inc.,* 14 F.3d 1497, 1501 (10th Cir.1994); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir.1988). A judge should not recuse himself based upon unsupported, irrational, or highly tenuous speculation. *In re American Ready Mix, Inc.,* 14 F.3d at 1501.

 To justify disqualification, the movant must show that an average, reasonable person who knew all the circumstances would harbor doubts about the judge's impartiality. *Matter of Billedeaux,* 972 F.2d 104, 105 (5th Cir.1992). The Fifth Circuit has consistently held that a reasonable person would not harbor doubts based upon mere speculation. *E.g., Chitimacha Tribe of Louisiana,* 690 F.2d at 1167 (reasonable person would consider suggestion of partiality mere speculation where plaintiff merely makes nonspecific, conclusory allegations that judge may bear personal liability for matters in pending action based upon malpractice committed during judge's tenure as partner in his former law firm); *Matter of Billedeaux,* 972 F.2d at 105 (reasonable person would consider any suggestion of partiality mere speculation where alleged partiality is based upon fact that judge's spouse is a partner in a law firm that frequently serves in other matters as counsel for a party).

As the reasonable person test required by § 455(a) is similar to the one required by § 144, this Court stands on its previous analysis regarding this matter. Without more

specific information or an outright joinder of OB & T by the Plaintiffs, no reasonable person could conclude that I am biased in this matter.[3]

### 28 U.S.C. §§ 455(b)(1) and (4)— Personal Bias, Prejudice or Financial Interest

Under § 455(b)(1) and (4) a judge shall disqualify himself:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceedings;

 The Fifth Circuit has consistently held that a remote, contingent, and speculative interest is not a "financial interest" within the meaning of the section 455(b)(4). *E.g., In re Placid Oil Co.,* 802 F.2d 783, 787 (5th Cir.1986) (recusal not required although judge owned large investment in nonparty bank and although rulings in the present case were likely to have financial impact on all banks); *see also Chitimacha Tribe of Louisiana,* 690 F.2d at 1167 (recusal not required under either 144 or 455 where plaintiff merely makes nonspecific, conclusory allegations that judge may bear personal liability based upon tortious acts of his former law firm). Thus, under precedent established by the Fifth Circuit, this judge is not disqualified by Plaintiffs' mere speculation that some unspecified lawyer or lawyers at OB & T may have conspired against plaintiffs in some unspecified way.

 Moreover, Plaintiffs do not explain how their allegations support disqualification under subsection (b)(1). Plaintiffs do not allege that I have actual knowledge of disputed evidentiary facts. To the extent plaintiffs may contend I might be biased in favor of

---

**3.** If the Plaintiffs, at some point in the future, choose to expand their conspiracy theory to include the attorneys and firms which actually represented National Union and Mobil, and OB & T is included among those additional defendants, a recusal may be refiled.

OB & T, this allegation would be insufficient as a matter of law. Subsection (b)(1) has been narrowly interpreted to require that the bias or prejudice be directed at a party itself rather than its attorneys. *E.g., Travelers Ins. Co. v. Liljeberg Enters, Inc.,* 38 F.3d at 1412; *Henderson,* 901 F.2d at 1296. Thus, even if it could be inferred from plaintiffs' motion that plaintiffs' claim this judge is biased in favor of OB & T, this allegation is insufficient under subsection (b)(1) as a matter of law.

### 28 U.S.C. § 455(b)(2)—Representation in Private Practice

 Under § 455(b)(2) a judge shall disqualify himself:

> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

Whether plaintiffs' allegations, if true, would require disqualification under this subsection depends upon whether OB & T represented a party to this action concerning the same "matter in controversy" while I was a partner in OB & T. Plaintiffs have not alleged any specific facts which support the conclusion that OB & T represented a party to this action concerning the same "matter in controversy." In fact, Plaintiffs have not alleged any facts about any specific earlier representations by OB & T.

Although cases from this Circuit and others provide little guidance for interpreting the requirement that the prior representation concern the same "matter in controversy," the fact that the alleged fraud and bad faith in this case relate to Mobil Oil Corporation's workers' compensation program is not sufficient to make the case the same "matter in controversy." *E.g., Dixie Carriers, Inc. v. Channel Fueling Service, Inc.,* 669 F.Supp. 150, 151 (E.D.Tex.1987) (that two suits may have some facts in common does not make them the same "matter in controversy" for purposes of section 455(b)(2); *United States v. Walton,* 56 F.3d 551, 556 (4th Cir.1995) (that judge's former law firm had represent-

ed defendant in four prior drug possession cases while judge was a senior partner did not require judge to disqualify himself in present drug possession case).

The Plaintiffs have not pointed to any specific facts to suggest that OB & T represented a party "concerning the matter in controversy" between 1982 and 1984. Thus, this judge is not disqualified under section 455(b)(2).

For the reasons set out above, this court finds that recusal under § 144 or § 455 is neither required nor warranted, and the motion is, in all things, denied and dismissed.