**Virgie Lee VALLEY, et al.**

v.

**RAPIDES PARISH SCHOOL BOARD, et al.**

Civil Action No. 65–10946.

United States District Court, W.D. Louisiana, Alexandria Division.

Jan. 5, 1998.

---

**3.** Gant has never stated under what provision of the United States Code this petition is brought.

Edward Larvadain, Jr., Alexandria, LA, Louis Berry, Berry & Brown, Alexandria, LA, Bridgett Brown DeJean, Alexandria, LA, for all Plaintiffs.

Louis Berry, Alexandria, LA, for Kathleen J. Shumate, Keesha Rosenthal, Rebecca Moulden, Daniel F. Landry, Susan B. Freundlich, Lessie Givens, Karla Hartung, Kathryn Jackson, Chandler Jordan, Tess Castille, Sudha Maleakkla, Lynn Sheffield, Andrew Schaffer, Shyam V. Sharma.

Franz Marshall, U.S. Dept. of Justice, Washington, DC, for U.S.

Robert L. Hammonds, Harold J. Adkins, Hammonds & Sills, Baton Rouge, LA, James Crawford Downs, D.A.'s Office 9th J.D.C., Alexandria, LA, Christopher J. Roy, Sr., Michael T. Johnson, Alexandria, LA, for School Board Rapides Parish.

James Carl Hrdlicka, LA Atty. General's Office, Baton Rouge, LA, for State of Louisiana.

John Schwab, Baton Rouge, LA, for Group Partnership, Inc, School Services, Inc.

Henry B. Bruser, III, Gold Weems et al., Alexandria, LA, for Betty Cox.

Daniel E. Broussard, Jr., Broussard Bolton et al., Alexandria, LA, Christopher J. Roy, Sr., Alexandria, LA, for Sylvia Pearson.

William B. Watson, Jon Keith Guice, Snellings Breard et al., Monroe, LA, Christopher J. Roy, Sr., Alexandria, LA, Paul R. Baier, Baton Rouge, LA, for Walter B. Gatlin.

Walter B. Gatlin, Alexandria, LA, pro se.

Christopher J. Roy, Sr., Alexandria, LA, Paul R. Baier, Baton Rouge, LA, for Kenneth Doyle, Herbert Dixon, Rodessa Metoyer, Stanley Miller.

Richard Joseph Petre, Jr., Onebane Bernard et al., Lafayette, LA, for Dr. Stanley Fields.

James H. Gibson, Charles M. Kreamer, Allen & Gooch, Lafayette, LA, Peter G. Thompson, Ross Dixon & Masback, Washington, DC, for Mount Airy Ins. Co.

### RULING

LITTLE, Chief Judge.

At approximately 8:00 p.m. on 30 December 1997, counsel for defendants Kenneth Doyle, Herbert Dixon, Rodessa Metoyer, and Stan Miller, in their individual capacities, filed a motion to recuse the undersigned judge. As of this writing, no other party has filed any pleading supporting recusation. For the reasons that follow, the motion is DENIED.

### I. Facts

In early April of 1997, the Executive Director for the Louisiana Association of Defense Counsel ("Defense Association") telephoned the undersigned. The Director invited the undersigned to speak at the Defense Association's 35th annual meeting in March of 1998 in Italy. The invitation was accepted.

Mover suggests that since counsel for intervenor is president of the Defense Association, an appearance of impropriety results. Thus recusal is demanded.

1. Defendants' motion also invokes 28 U.S.C. § 144. That section, however, relates only to charges of actual bias. *Henderson v. Dep't of*

### II. Analysis

#### A. Referral

■ As an initial matter, we address defendants' request that we refer this motion to recuse to another judge. The Fifth Circuit has held that recusal motions should only be transferred in "unusual circumstances." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir.1982) (stating that "the challenged judge is most familiar with the alleged bias or conflict of interest"). The court in that case also found that referral raises problems of administrative inconvenience and delay. *Id.* In accordance with the Fifth Circuit's holding, we decline to transfer this motion.

#### B. 28 U.S.C. § 455

■ The affidavit supporting recusal is founded on an appearance of impropriety. No allegation is made that the trial judge has a personal bias or prejudice either against the filer or in favor of any adverse party. As the argument is only that an appearance of impropriety exists, the applicable statute is 28 U.S.C. § 455.[1] The statute provides, in relevant part: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The purpose of the statute is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

■ Recusal motions under this section are committed to the sound discretion of the trial judge. *Chitimacha*, 690 F.2d at 1166. The decision may be reviewed on appeal under an abuse of discretion standard of review. *Id.* In our review, we must ask how these facts appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person. *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir.1995). We note, furthermore, that "each § 455(a) case is ex-

*Public Safety and Corrections*, 901 F.2d 1288, 1296 (5th Cir.1990).

tremely fact intensive and fact bound, and must be judged on its unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." *Id.* at 157.

Considering the facts in the present case, we hold that a well-informed, thoughtful and objective observer would not find an appearance of impropriety. The Defense Association's Executive Director extended the invitation, not counsel for Intervenor. The Defense Association will reimburse travel expenses, not counsel for Intervenor. The Defense Association is not a party to this law suit. The Chief Judge for the United States Court of Appeals, Fifth Circuit and another United States Federal District Judge are also participants in the seminar, as are some Louisiana State Court judges. Members in the Defense Association include lawyers and partners of lawyers on the opposite side from counsel for intervenor. We find that a reasonable and objective person, knowing all of the facts outlined above, would not harbor doubts concerning the undersigned's impartiality.

■ The allegations that the undersigned's relationship with Intervenor's counsel, Henry B. Bruser III, gives rise to an appearance of impropriety are also insufficient to support a motion for recusal. Courts have ruled that, in certain factual circumstances, friendship between a judge and a lawyer appearing before that judge does not compel a recusal. *See, e.g., Henderson v. Dep't of Public Safety and Corrections,* 901 F.2d 1288 (5th Cir.1990). Allegations regarding the former partnership between the undersigned and Bruser are also insufficient. No allegations have been made that in private practice, the undersigned "served as a lawyer in the matter in controversy" or that a "lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter." 28 U.S.C. § 455(b)(2).

### C. Timeliness Requirement

■ Finally, we must comment on the timing of defendants' motion to recuse. 28 U.S.C. § 455 requires that a motion to disqualify be timely filed. *Chitimacha,* 690

F.2d at 1165, n. 3; *Delesdernier v. Porterie,* 666 F.2d 116, 121 (5th Cir.1982) (holding that "[l]ack of a timeliness requirement encourages speculation and converts the serious and laudatory business of insuring judicial fairness into a mere litigation stratagem."). To meet this requirement, a party must exercise reasonable diligence in filing an affidavit after discovering facts that show bias. *Pomeroy v. Merritt Plaza Nursing Home, Inc.,* 760 F.2d 654, 658 (5th Cir.1985). Movers have failed to meet this timeliness requirement. The alleged tainted relationship with counsel for Intervenor as a friend and former partner has been known to defendants' counsel, Christopher J. Roy, since the inception of this lawsuit. With respect to the Defense Association's meeting in Italy, Christopher J. Roy, attorney for movers, has been aware of the undersigned's participation in this seminar since at least 7 November 1997. On that date, Roy filed a letter with this court advising that defendants Miller, Doyle, Dixon and Metoyer adopt the witness and exhibit list filed on behalf of defendant Mt. Airy Insurance Company ("Mt. Airy"). Mt. Airy's exhibit list, dated 7 November 1997, includes as Exhibit No. 864 "Louisiana Association of Defense Counsel Venice–Florence Annual Meeting Brochure March 22–28, 1998." Under the heading "Important Information," the undersigned is clearly listed as one of the speakers in the program. Roy was aware of all facts supporting this motion to recuse at least seven weeks before its filing, yet it is only after a promise of an adverse ruling on the qualified immunity issue that the motion was filed. Counsel's decision to point only now to these facts as a basis for recusal suggests the motion is indeed a "mere litigation stratagem." We find the motion to recuse untimely.

### III. *Conclusion*

For the reasons set forth above, defendants' motion to recuse is DENIED.