United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51260
Summary Calendar
_____

GLORIA TELLES, Individually and as next friend of Jacob Telles, a
minor,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

---------------------
Appeal From the United States District Court
For the Western District of Texas
Civil Action No. 02-CV-0412FM
---------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Telles appeals the district court's grant of summary judgment

in favor of the defendant, the United States of America, in a suit

under the Federal Tort Claims Act[2] for the alleged negligence,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] Under the Federal Tort Claims Act, the United States is
liable in damages only if a private person would be liable for
the same allegedly negligent act or omission under the laws of
the state within which the act or omission occurred. See Skipper
v. United States, 1 F.3d 349, 352 (5th Cir. 1993). In the
instant case, the alleged acts and omissions occurred in Texas,
rendering its substantive law applicable.

1

specifically medical malpractice, of William Beaumont Army Medical Center (WBAMC). Additionally, she appeals the court's denial of her motion to disqualify the district judge.

Upon suffering shaken-baby injuries at the hands of his biological mother, Jacob Telles was saved by an emergency craniotomy and subdural hematoma evacuation performed by Dr. Kaveh Khajavi of WBAMC. During Jacob's surgery, a piece of his skull, the bone flap, was removed. Because of swelling, the bone flap could not be reinserted immediately. WBAMC subsequently transferred Jacob to Thomason Hospital. The bone flap disappeared at some point.

The district court granted summary judgment, finding no genuine issues as to any material fact. We affirm. Under Texas law, a medical malpractice plaintiff, who bears the ultimate burden of proof, must produce evidence showing the four elements of negligence under Texas law: (1) legal duty owed by defendant to the plaintiff; (2) breach of that duty; (3) actual injury to the plaintiff; and (4) a showing that the breach was the proximate cause of the injury. To adequately show causation, plaintiff must present evidence of a "reasonable medical probability" or "reasonable probability" that their injuries were caused by the negligence of one or more defendants.

There is no genuine issue as to defendant's breach of the standard of care. The plaintiff supplied the district court with

no evidence other than sheer speculation as to who was responsible for the loss of the bone flap.   Therefore, we agree with the district court's ruling.   Despite this finding, which in effect, ends the analysis, this court will proceed to analyze the other elements of negligence, as well.

Even assuming a breach of the standard of care, there is no genuine issue as to the actual injury suffered by the plaintiff as a result of the loss of the bone flap.   Although Jacob wore a helmet periodically, this was not an actual injury related to the lost bone flap; instead, the helmet was prescribed to remedy a diagnosed positional plagiocephaly by doctors not associated with WBAMC.[3]   Likewise, although Jacob faced a subsequent major cranioplasty surgery, this would have occurred regardless of the loss of the bone flap. The subsequent surgery was a result of: (1) the inability of Dr. Khajavi of WBAMC to replace it, due to swelling; and (2)  doctors, not associated with WBAMC, who formulated a plan to wait a few years to perform the surgery, with the hopes that Jacob's defect would repair itself.

Finally, even assuming a breach of the standard of care and injury, there was no evidence that the breach proximately caused any injury.   There is no genuine issue of material fact regarding the appropriateness of the second surgery nor the manner in which it was performed.   Also, other doctors, not associated with WBAMC,

---

[3]  This is an asymmetry of the back of the skull.

recommended the second surgery occur years later.  Therefore, as the bone flap was only usable for up to one year, even had it not been lost, it would not have been used in the subsequent surgery. The district court's grant of summary judgment must be affirmed.

The district court also denied plaintiff's motion, filed pursuant to 28 U.S.C. § 144, to disqualify the district judge.  We see no personal bias against plaintiff or her attorney. Plaintiff's affidavit in support of recusal lacks specific factual allegations that are required by this court.  Parrish v. Bd. of Commissioners of Alabama State Bar, 524 F.2d 98, 100 (5th Cir. 1975).  Instead, it consists of plaintiff's opinions which is not enough.  Henderson v. Dept. of Public Safety and Corrections, 901 F.3d 1288, 1296 (5th Cir. 1990) (..."[a]n affidavit is legally insufficient under § 144 if it is based upon 'information and belief' rather than personal knowledge.").  Further, plaintiff's counsel's affidavit also lacks merit.  It consists of facts and allegations related to purely judicial proceedings involving him and the court.  The Supreme Court has provided in Liteky v. United States, 510 U.S. 540, 541 (1994) that,

> ...Not establishing bias or partiality,..., are expressions of impatience, dissatisfaction annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.  A judge's ordinary efforts at courtroom administration, even a stern and short-tempered judge's ordinary efforts at courtroom administration--remain immune.

The district court's acts in granting summary judgment in favor of the defendant and in denying plaintiff's motion to disqualify the district judge is

AFFIRMED.