**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2009

Charles R. Fulbruge III
Clerk

No. 07-20570
Summary Calendar

DENIS MARINGO

Petitioner-Appellant

v.

DEPARTMENT OF HOMELAND SECURITY; MICHAEL B MUKASEY; U S
ATTORNEY GENERAL

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-1878

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Denis Maringo, alien detainee # A79483831, appeals
from the district court's dismissal of his pro se suit as factually frivolous, as
malicious, and for failure to state a claim upon which relief may be granted.
Maringo also appeals the district court's denial of his motions to recuse. Finally,
Maringo has moved to consolidate this case with his appeal in case no. 07-60431,
which pertains to his removal from the United States and the denial of asylum.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Maringo's complaint in the instant case alleged that the United States Citizenship and Immigration Services (USCIS) and Immigration and Customs Enforcement (ICE) failed to timely satisfy his request for documents under the Freedom of Information Act (FOIA). His first motion to recuse contended that the district court judge was biased and hostile to his interest and that she was "probably a CIA operative" based on her high denial rate in immigration cases, and his second motion to recuse contended that the district court judge should be recused due to his previous condemnations of her and because he had a pending complaint with a United States senator seeking her impeachment.

With respect to the dismissal of his suit, Maringo argues that the district court erred in determining that his suit was frivolous merely because it disbelieved his factual allegations, asserting that it is "unheard of" to find as frivolous a suit for documents held for more than 15 months in contravention of FOIA and the Administrative Procedure Act. He contends that the district court failed to recognize that the "first-in, first-out" approach used by USCIS and ICE to satisfy FOIA requests was not applicable to his request because his request was in the "fast track" category of requests rather than the "ordinary" category of requests and that a writ of mandamus was the only mechanism that would ensure he received the requested documents in light of his pending removal from the United States. Maringo also argues that his suit is not malicious because the allegations repeated in his present complaint from a prior suit were included in the prior suit merely as factual background.

Because Maringo's appeal fails with respect to the district court's dismissal for failure to state a claim upon which relief may be granted, we need not decide whether the district court abused its discretion in dismissing his suit as frivolous factually or malicious. A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted is reviewed under the same de novo standard as a dismissal under FED. R. CIV. P. 12(b)(6). *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Maringo's assertion factually that his request was not being answered on a first-in, first-out basis is unavailing in light of the exhibits attached to his complaint, and Maringo does not brief any argument challenging the district court's conclusion that he failed to state a claim under FOIA because the first-in, first-out approach applied by USCIS and ICE constituted the exercise of due diligence. Maringo also fails to brief any argument challenging the district court's determination that he failed to state a claim for a writ of mandamus because his appeal of his asylum case presented another available remedy that was adequate for obtaining the documents he sought. He has thus waived any such arguments. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

"Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Id.* at 225 (internal quotation marks and citation omitted). Maringo has abandoned these issues on appeal because the failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Maringo also argues that the district court erred in finding that it lacked "subject matter jurisdiction" because he had failed to "exhaust his administrative remedies" concerning the agencies' processing of his FOIA request. This argument is unavailing because the district court made no such determination.

With respect to the denial of his motions to recuse, Maringo argues that recusal should have been granted because the district court judge's bias and hostility against him is evident in her decision in one of Maringo's previous cases; his motions to recuse "automatically" would make her hostile to his interests; his past condemnations of her appointment and decisions created an inherent conflict for her; and his complaint referred to a plan by the United States government to "exterminate the black race" and thus rendered questionable the impartiality of any Caucasian or African-American judge. Maringo also disputes the district court's determination that his second motion

3

to recuse failed to satisfy the affidavit requirement of 28 U.S.C. § 144, and he asserts that the district court judge ignored his second motion for recuse.

The denial of a motion to recuse is reviewed for abuse of discretion. *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999). While Maringo did not cite a statutory basis for his motions to recuse, the district court ruled that Maringo failed to show that recusal was required by either 28 U.S.C. §§ 144 or 455. To proceed under § 144, the movant must show by affidavit "actual bias." *Henderson v. Dep't Pub. Safety and Corrs.*, 901 F.2d 1288, 1296 (5th Cir. 1999). "A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature." *Id.* Under § 455, a federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "where he has a personal bias or prejudice concerning a party." § 455(a), (b)(1). A movant proceeding under § 455 "must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982).

Maringo's contentions regarding the district court's prior adverse judicial rulings are not sufficient to satisfy the standards of §§ 144 and 455. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Maringo's remaining contentions do not demonstrate that the district court abused its discretion in determining that Maringo failed to satisfy the standards for recusal. *See Matassarin*, 174 F.3d at 571; *Henderson*, 901 F.2d at 1296; *Chitimacha Tribe of Louisiana*, 690 F.2d at 1165. Maringo also did not satisfy the requirements for a legally sufficient affidavit under § 144, *see Henderson*, 901 F.2d at 1296, and his assertion that the district court ignored his second motion to recuse is unavailing because the district court provided thorough reasons for denying the motion. With respect to his motion to consolidate this case with case no. 07-60431,

4

Maringo has not shown that the issues in the cases are sufficiently similar to warrant consolidation.

Accordingly, the district court's decision is AFFIRMED, and Maringo's motion to consolidate is DENIED.