# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20573
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TOMMY ALEXANDER, SR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:89-CR-331-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Tommy Alexander, Sr., federal prisoner # 07193-035 and proceeding *pro se*, challenges the denial of his motion to recuse the district judge who denied his motions under 18 U.S.C. § 3582(c)(2) (reduction of sentence). Alexander asserts the denials were contrary to the law and facts and, therefore, the rulings must be the result of bias.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-20573

The denial of a recusal motion is reviewed for abuse of discretion. *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999). Recusal should occur if a reasonable person, aware of "the relevant circumstances surrounding the judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality". *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) (cleaned up).

Two statutes govern the recusal of district judges:  28 U.S.C. § 144 and 28 U.S.C. § 455. Although Alexander did not specify under which statute he seeks relief, his contention of general bias implicates both statutes. In any event, he has not shown he is entitled to relief under either.

Section 144 requires a judge to reassign a case in the event of actual bias. *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). But, Alexander did not meet the pleading requirements to obtain relief under § 144 because he did not submit the required affidavit delineating facts and reasons that would convince a reasonable person of the existence of bias. *See* § 144; *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003).

Section 455 requires a judge to disqualify himself in any proceeding where "his impartiality might reasonably be questioned", or where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding". 28 U.S.C. § 455(a) & (b)(1). Aside from conclusory assertions that the judge was prejudiced, Alexander did not offer facts suggesting the judge's impartiality might reasonably be questioned or that the judge had an actual personal extrajudicial bias against him. 28 U.S.C. § 455(a) & (b); *Patterson*, 335 F.3d at 484; *United States v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996).

In that regard, his assertion the judge ignored the law and facts in denying his § 3582(c)(2) motions, thereby suggesting bias, is unavailing

2

because it is based solely on the unfavorability of the rulings. These rulings, which did not reflect a high degree of antagonism as to make fair judgment impossible, do not support a claim of bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (adverse rulings alone do not support a claim of bias). Further, to the extent the judge articulated negative opinions of Alexander in earlier proceedings, the opinions, while critical, were based on facts that had been presented during the proceedings and, therefore, do not reflect bias or prejudice. *See id.*

AFFIRMED.