# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2010

No. 10-40631
Summary Calendar

Lyle W. Cayce
Clerk

ELIJAH W. RATCLIFF,

Plaintiff - Appellant

v.

CITY OF LIVINGSTON, TEXAS; MATT PARRISH, Detective with the
Livingston Police Department; STATE OF TEXAS; TEXAS DEPARTMENT
OF CRIMINAL JUSTICE; BRADSHAW STATE JAIL; ROBERT SHAW,
Warden; UNIDENTIFIED GIBSON, Officer; UNIDENTIFIED KAISER,
Officer; UNIDENTIFIED PERALES, Sergeant; MARION A. SMITH, Tax
Assessor Collector; DANETTE MILLICAN, Tax Assessor Collector of Houston
County, Texas; ELIZABETH E. COKER; MICHELLE HUNTER, State Bar of
Texas; STATE BAR OF TEXAS; CORRECTIONS CORPORATION OF
AMERICA,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas, Lufkin
USDC No. 9:09-CV-147

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-40631

In his complaint and three amended complaints, Elijah W. Ratcliff ("Ratcliff") filed suit against fifteen defendants, for alleged violations of various civil rights statutes, including 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1988.

In his original and first amended complaint, Ratcliff alleged that the City of Livingston, Texas, and one of its police officers (the "Municipal Defendants") discriminated and retaliated against him because of his association with civil rights and economic development, by placing unreasonable preconditions on utility services. For this claim, he sought damages of $300,000. He also alleged that the defendants refused to provide security services and facilitated burglary, theft, and vandalism of his property, in addition to filing false charges against him, resulting in his arrest and imprisonment. For this claim, he sought damages of $33,000,000.

In an amended complaint, he added as defendants the State of Texas, the Texas Department of Criminal Justice ("TDCJ"), the Bradshaw State Jail, Corrections Corporation of America ("CCA), Warden Robert Shaw, Sergeant Gipson, Sergeant Perales, and Officer Kaiser (the "State Defendants"). He sought $500,000 in actual damages and $11,000,000 in compensatory damages from the State Defendants for "multiple and repetitious breaches" of his civil rights. He alleged that the State Defendants enabled and encouraged thievery because they are opposed to civil rights revelations by him as an attorney and civil rights advocate. He alleged that Captain Latham (who is not named as a defendant) allowed inmates to steal shoes from his locker and prevented him from obtaining replacement shoes. He further alleged that Sergeant Gipson attacked him with a martial arts tactic, knocking him to the concrete floor before handcuffing him and taking him to solitary confinement, because he was wearing shower shoes. He alleged that when his personal items were brought to him later, some postage stamps were missing. In addition, he complained that a policy of the State of Texas, TDCJ, and Warden Shaw caused him not to

No. 10-40631

receive notice of a hearing in a civil case he had pending in Polk County, Texas, or access to the appellate record in that case.

He also added as defendants Marion A. Smith, Tax Assessor and Collector of Polk County, Texas, and Danette Millican, Tax Assessor and Collector of Houston County, Texas. He alleged that Smith falsely fabricated courtroom testimony calculated to defame his capacity as a realty owner, and had not retracted such representations. He alleged that Millican falsely compiled county tax records potentially defaming his integrity as a realty owner and had not retracted such representations.

In a third amended complaint, Ratcliff added as defendants Elizabeth E. Coker and the State Bar of Texas. He alleged that Coker had "acted under color of authority of State law to contravene" his civil rights. He stated that he added the State Bar as a party "as an agency of the State of Texas to facilitate the granting of complete equitable relief."

All of the defendants moved for dismissal of the claims against them. The magistrate judge recommended that the claims against the Municipal Defendants, Smith, and Millican be dismissed because Ratcliff's complaints relied on conclusory allegations and did not allege facts showing a plausible entitlement to relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The magistrate judge recommended that the claims against the State of Texas, the TDCJ, and the State Bar of Texas be dismissed for lack of subject matter jurisdiction because they are barred by Eleventh Amendment immunity and because Ratcliff had not stated a cognizable claim against them because they are not "persons" as that term is used in Section 1983. The magistrate judge recommended dismissal of the claims against Warden Shaw, Sergeant Perales, and Officer Kaiser because Ratcliff had not alleged any facts showing participation by those defendants in any alleged act that violated a constitutional right, and Ratcliff alleged no facts to establish

No. 10-40631

supervisory liability as to Warden Shaw and Sergeant Perales. The magistrate judge recommended that the claims against CCA and the Bradshaw State Jail be dismissed because they are not "persons" as that term is used in Section 1983. With respect to the excessive force claim against Sergeant Gipson, the magistrate judge recommended dismissal because Ratcliff did not allege any harm or injury that resulted from Sergeant Gipson's actions and did not allege any facts showing that force was impermissibly used to cause harm; instead, Ratcliff's own pleading demonstrated that force was applied as a form of maintaining discipline. The magistrate judge recommended that the claims against Judge Coker be dismissed because Ratcliff did not allege any facts showing that the complained of actions by Judge Coker were non-judicial in nature or that they were taken in the complete absence of all jurisdiction. The district court adopted the magistrate judge's recommendations and dismissed all of the claims agianst all of the defendants.

Ratcliff's brief on appeal, like his complaints filed in the district court, consists of rambling, conclusional, and irrelevant allegations, peppered with numerous citations. He has not identified any legal error by the district court, or any facts that would support a claim of liability entitling him to relief against any of the defendants. Accordingly, the judgment of the district court is affirmed for the reasons set forth in the magistrate judge's reports, as adopted by the district court.

AFFIRMED.