# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40337
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2017

Lyle W. Cayce
Clerk

ELIJAH WHITE RATCLIFF, Individually and in his Official Capacity as an Agent,

> Plaintiff – Appellant

v.

STATE OF TEXAS; CITY OF LIVINGSTON, TEXAS; LHR, INCORPORATED; HULL & ASSOCIATES, P.C.; ONE WEST BANK, FSB, formerly known as IndyMac F.S.B.; KENNETH HAMMACK; KEN PAXTON; TEXAS POLK COUNTY; ELIZABETH E. COKER; KATHLEEN SEBELIUS, SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,

> Defendants – Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:15-CV-106

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

 This appeal arises from the district court's dismissal of Elijah W. Ratcliff's ("Ratcliff") amended complaint and its imposition of sanctions.

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40337

Ratcliff sued the State of Texas; City of Livingston, Texas; Polk County, Texas; LHR, Inc.; Hull and Associates, P.C.; One West Bank, FSB; Kenneth Hammack; Ken Paxton; Elizabeth E. Coker; and Kathleen Sebelius for a litany of ill-defined civil-rights abuses. These claims are substantially identical to those brought by Ratcliff in an earlier lawsuit that arose before this Court in the same procedural posture and included three of the same defendants. *See generally Ratcliff v. City of Livingston, Tex.*, 406 F. App'x 843 (5th Cir. 2010).

In the district court, all pending motions were referred to the magistrate judge for report and recommendations. The magistrate judge dismissed Ratcliff's rambling, conclusory complaint for, among other reasons, failure to state a claim. The magistrate judge also found that "at least one defendant, Governor Abbott," was entitled to sovereign immunity. In addition to dismissing all of Ratcliff's claims, the magistrate judge recommended granting the City of Livingston's motion for sanctions: $1500 to be paid to the clerk of the court and $4200 to be paid to the City of Livingston for expenses and attorneys' fees. Noting that Ratcliff's objections to the magistrate judge's report failed to present specific arguments in rebuttal, the district court adopted all recommendations and dismissed all claims.

On appeal, Ratcliff fails to challenge the reasoning either of the magistrate judge's recommendation to dismiss or of the district court's order dismissing the claims.[1] In the first part of his brief, Ratcliff repeats his amended complaint. Thereafter, his brief proceeds chiefly by "rambling, conclusional, and irrelevant allegations, peppered with numerous citations." *See id.* at 845. Ratcliff fails altogether to mention the substantial monetary sanction levied against him below.

---

[1] Assuming arguendo that Ratcliff made colorable arguments regarding the applicability of qualified immunity, we need not consider them because the claims against Texas and the relevant state officials fail on other grounds.

No. 17-40337

Though this Court "liberally construe[s] briefs of *pro se* litigants and appl[ies] less stringent standards" to them, pro se appellants are not thereby relieved of the responsibility to brief the issues and comply with Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). This Court deems claims abandoned that are not raised on appeal. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). By failing to identify error in the magistrate judge's and district court's orders, Ratcliff has abandoned any arguments challenging them. *Id.* at 748.

Ratcliff also appears to appeal the implicit denial of his motion to disqualify the district court pursuant to 28 U.S.C. §§ 144 and 455. We review the denial of recusal motions for abuse of discretion. *See Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1166 (5th Cir. 1982).

In Ratcliff's affidavit, he states that the district court demonstrated actual bias by requesting that another, unnamed person initiate a charge of unauthorized practice of law against him. The district court exhibited the appearance of bias, Ratcliff continues, by:

> displaying an affinity or interest in the disposition of the immediate proceeding contrary to the decision of the [Social Security Administration Administrative Law Judge] in August of 2013 regarding Complainant under the Social Security Act and . . . totally evasive of and contrary to the decision of the Honorable Kenneth L. Travis in No. 81-2, U.S. Department of the Treasury.

We conclude that the district court was well within its discretion to deny the motion under both § 144 and § 455 standards. To demonstrate actual bias in a § 144 affidavit, a party must, inter alia, state material facts showing bias with particularity. *See Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). To demonstrate the appearance of bias under § 455, a movant "must show that, if a reasonable man knew of all the circumstances,

3

No. 17-40337

he would harbor doubts about the judge's impartiality." *See Chitimacha*, 690 F.2d at 1165. Ratcliff's vague statements elicit no doubts as to Judge Clark's impartiality. *See id.*

For these reasons, the district court's dismissal of Ratcliff's amended complaint and its imposition of sanctions are AFFIRMED.