# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 10, 2011

No. 10-10715
Summary Calendar

Lyle W. Cayce
Clerk

BARRY EMMETT, also known as Barry Patrick Emmett, II, also known as
Barry P. Emmett,

Plaintiff - Appellant

v.

ALLRED UNIT; TEXAS DEPARTMENT OF CRIMINAL JUSTICE, State of
Texas,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:09-CV-67

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Barry Emmett, Texas prisoner # 1383329, filed a pro se motion for
preliminary injunction seeking to enjoin all employees of the Texas Department
of Criminal Justice (TDCJ) from retaliating against him and others prior to a 42
U.S.C. § 1983 action he intended to file. An order and a judgment by the district
court denying the motion without prejudice were entered on May 15, 2009. On

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

June 8, 2010, the district court entered an order denying numerous post-judgment motions by Emmett, including a motion pursuant to Federal Rule of Civil Procedure 60. Emmett thereafter filed the instant appeal and moved for leave to proceed in forma pauperis (IFP). The district court denied Emmett's IFP motion on the ground that his appeal was not taken in good faith.

Emmett now seeks authorization from this court to proceed IFP. A movant for leave to proceed IFP on appeal must show that he is economically eligible and that the appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Rather, our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Id.* (quotation marks and citation omitted). If we uphold the district court's certification that the appeal is not taken in good faith, we may dismiss the appeal sua sponte as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5th Cir. R. 42.2.

While Emmett's instant notice of appeal was timely as to the June 8, 2010, order denying his Rule 60 motion and various other post-judgment motions, the instant notice of appeal was not timely as to the May 15, 2009 judgment. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *see also Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010) (recognizing that denial of Rule 60(b) motion does not bring up underlying judgment for appeal), *cert. denied*, 131 S. Ct. 931 (2011). Thus, this court lacks jurisdiction to review the May 15, 2009, judgment. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). The instant appeal is limited to review of the June 8, 2010, order.

The first issue Emmett wishes to present on appeal was raised in his Rule 60 motion: whether he should have been allowed to file a Section 1983 complaint in the instant case because his original motion for preliminary injunction

informed the district court of his intention to file a Section 1983 action. We review the denial of relief under Rule 60(b) for an abuse of discretion. *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996). This issue lacks merit, and the district court did not abuse its discretion in denying relief on the issue.

Emmett's second issue for appeal, whether his original motion for preliminary injunction should have been construed liberally as a motion for a temporary restraining order, was not raised in any of the post-judgment motions denied by the district court in the June 2010 order being appealed. Accordingly, we do not consider it now on appeal. *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 158 (5th Cir. 2004).

Lastly, Emmett contends that the district court lacked jurisdiction to consider his Rule 60 motion after he had filed an affidavit under 28 U.S.C. § 144. The district court judge was permitted to rule on the legal sufficiency of the Section 144 affidavit himself. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 458 n.7 (5th Cir. 1996); *United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986). His denial of the Section 144 motion was implicit from his June 8, 2010, order denying Emmett's various other post-judgment motions, as well as his order certifying that Emmett's instant appeal was not taken in good faith. *See Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (recognizing that motion may be denied implicitly by entry of order inconsistent with granting of relief sought by motion). We review the denial of a motion for recusal for an abuse of discretion. *United States v. MMR Corp.*, 954 F.2d 1040, 1044 (5th Cir. 1992). There was no abuse of discretion in the denial of Emmett's Section 144 motion, as a reasonable person would not be convinced that the district court judge held a personal bias against Emmett based on the content of Emmett's affidavit. *See Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990).

Emmett has not shown that the district court was incorrect in certifying that his appeal was taken in bad faith, and his IFP motion is denied. *See Baugh*,

117 F.3d at 202.  The instant appeal is without arguable merit and is dismissed as frivolous.  *See id.* at 202 n.24; *Howard*, 707 F.2d at 219-20; 5th Cir. R. 42.2.

We remind Emmett that, because he has accumulated at least three strikes for purposes of Section 1915(g), he may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  Additionally, we reiterate our prior warning to Emmett that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.  Emmett is further warned that, in order to avoid the imposition of sanctions, he should review any pending appeals and actions and move to dismiss any that are frivolous.

APPEAL DISMISSED; MOTION FOR LEAVE TO PROCEED IFP DENIED; SANCTION WARNING ISSUED.